FILED

AUG - 9 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

IN THE MATTER OF:

Inspection of the workplace
located at and near:

331 N. New Ballas Road
Creve Coeur, Missouri 63141

under the control or custody of:

UNITED STATES POSTAL SERVICE

4:22MC690 JMB

## APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

I, William McDonald, Area Director of the St. Louis Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereby apply for an administrative search warrant, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C.A. §§ 651-678, 657(a), hereinafter referred to as the OSH Act, for the inspection, investigation, and search of the work place located at 331 N. New Ballas Road, Creve Coeur, Missouri 63141, and described as the work place where the United States Postal Service ("USPS") is engaged in mail and parcel delivery. By virtue of the Postal Employees Safety Enhancement Act, the OSH Act became applicable to the USPS in the same manner as to any other employer. Pub. L. No. 105-241, 112 Stat. 1572-1573 (1998); see also 29 U.S.C. § 652(5).

1. This workplace is the station from which certain mail carrier who are employed by the USPS sort the materials to be delivered daily, as well as beginning and ending their delivery routes.

2.  The authority for issuance of the administrative search warrant is section 8(a) of the OSH Act and Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816 (1978).

3.  Sections 8(a)(1) and 8(a)(2) of the OSH Act specifically authorize the Secretary of Labor to make inspections and investigations of any factory, plant, establishment, construction site, or other area, work place, or environment where work is performed by an employee of an employer. Sections 8(a)(1) and 8(a)(2) are implemented in part by Chapter 9 of the Field Operations Manual (FOM), CPL 02-00-164 (hereinafter "CPL 02-00-164"), attached hereto as Exhibit A and incorporated herein.

4.  Paragraph I.A.6 of CPL 02-00-164 defines a referral as an allegation of a potential workplace hazard or violation received from one of the following sources: a CSHO referral, safety and health agency referral, discrimination or whistleblower complaint referral, other government agency referral, media report, or employer report. Ex. A, CPL 02-00-164, para. I.A.6. Following receipt of information that is either a complaint or a referral, an inspection is warranted if at least one of the listed criteria is met. Ex. A, CPL 02-00-164, para I.C. In this case, an inspection is warranted on two criteria. First the referral information alleges that an employee hospitalization has occurred as a result of the complained of hazard, and there is reason to believe that the hazard or related hazards still exist. Ex. A, CPL 02-00-164, para. I.C.3. Second, the referral information concerns an establishment and an alleged hazard covered by a local, regional, or national emphasis program. Ex. A, CPL 02-00-164, para I.C.4.

5.  The warrant sought hereby is based upon the following facts and circumstances: On July 6, 2022, OSHA received a phone call from Brian Kohl, Safety Specialist with the USPS, notifying the agency that a mail carrier had been hospitalized after showing "signs of heat exhaustion" while walking his delivery route the evening of July 5, 2022. According to Mr. Kohl, the employee was "exposed to excessive heat while on delivery route." See Exhibit B, Referral Report.

6. According to historic weather data from Weather Underground, the temperature in St. Louis, Missouri on the afternoon of July 5, 2022, as the employee was delivering his route, peaked at 101 degrees, with a heat index of 110 degrees. Similar temperatures in the mid to upper nineties are forecasted for the next two weeks in the St. Louis area. See Exhibit C, Weather Data.

7. Because of the continued potential for serious injury from summer heat, the referral was treated as a high gravity serious referral and scheduled for inspection in accordance with CPL 02-00-164, para. I.H.3.

8. Additionally, an inspection is warranted when the referral information concerns an establishment and an alleged hazard covered by a local, regional, or national emphasis program. Ex. A, CPL 02-00-164, para. I.C.4. USPS is an establishment covered by the National Emphasis Program – Outdoor and Indoor Heat-Related Hazards, CLP 03-00-024 (hereinafter "CPL 03-00-024"), attached hereto as Exhibit D and incorporated herein. USPS is specifically listed in the National Emphasis Program as an industry "likely to have heat-related hazards" and is therefore covered by CPL 03-00-024. Ex. D at A-3. Per CLP 03-00-024: "Allegations of potential worker exposures to heat (e.g., insufficient controls in place such as access to water, rest, and/or shade), or involving workers suspected or confirmed of a heat-related illness, shall be given priority for on-site inspections." Ex. D, CPL 03-00-024, para XII.C.2.b, pp 10-11.

9. Because of the confirmed heat-related illness, the referral was treated as a high gravity serious referral and scheduled for inspection in accordance with Chapter 9 of CPL 02-00-164.

10. On July 13, 2022, Safety and Health Compliance Officer ("CSHO") George Daniel requested entry into the workplace at the aforementioned location to make an inspection of the circumstances surrounding the carrier's July 5 hospitalization (described in paragraph 5), as well as continuing heat-related hazards, per CPL 03-00-024, para. XII.D.2. After arriving onsite, CSHO Daniel was allowed in the facility by an

3

assistant supervisor and introduced to the station's supervisor and union shop steward. The CSHO suggested to the supervisor that she call the Regional Safety Group; in the meantime, the CSHO was asked to wait in the breakroom. Eventually, management contacted by phone USPS Safety Specialist Brian Kohl, who had initially reported the hospitalization. Mr. Kohl stated he was not going to permit a physical inspection of the facility, insisting the CSHO could only ask for paperwork, thereby denying CSHO Daniel the ability to conduct the inspection.

11. It is requested that the warrant authorize the inspection and investigation of the conditions set forth above in paragraph 5, including information alleged in the referral, and continuing heat-related hazards, per CPL 03-00-024, para. XII.D.2. Further, the CSHO may expand the inspection beyond heat-related hazards if other hazards or violations are observed during the walk-around or are documented in the OSHA 300 logs.

The inspection and investigation shall include review of all relevant records, files, and papers, and will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs, videotapes, environmental samples (including the use of personal sampling equipment), and temperature measurements when necessary. The CSHO's credentials will be presented, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

12. Any information, including videotapes, photographs and environmental samples, obtained in connection with the inspection and that is designated to be a trade secret, as defined in 18 U.S.C. § 1905, shall be considered confidential as provided in section 15 of the OSH Act, 29 U.S.C. § 664.

I declare under penalty of perjury that the foregoing is true and correct.

_____
William McDonald
Area Director
Occupational Safety and Health Administration
United States Department of Labor


Subscribed and sworn to before me via telephone on this ___9th___ day of ___Feb___, 2022.

_____
Honorable John M. Bodenhausen
United States Magistrate Judge

5

United States Attorney Office
Eastern District of Missouri

*[signature]*

Nicholas P. Llewellyn #43839
Assistant U.S. Attorney
Thomas E. Eagleton United States Courthouse
111 S 10th St., # 20.333
St. Louis, MO 63102
(314) 539-7637
Nicholas.llewellyn@usdoj.gov


OF COUNSEL

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

Traci Martin
Senior Trial Attorney
MO Bar No. 59796

2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7272
martin.traci.e@dol.gov

*Attorneys for Secretary of Labor Martin J. Walsh*
*United States Department of Labor*